UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JERRY CONSTANCE,                                          NOT FOR PUBLICATION
                                                          **MEMORANDUM & ORDER**

                        *Plaintiff*,

        -against-                                         03-CV-5009 (CBA) (MDG)

PEPSI BOTTLING COMPANY OF NEW
YORK, TERRY NOCHESE, PETER CRIST
AND SOOKDEO UDAIRAM, aka RICHIE
UDAIRAM,

                        *Defendants*.
----------------------------------------------------------X
AMON, United States District Judge:

        This is a employment discrimination case brought by plaintiff Jerry Constance against the

Pepsi Bottling Company of New York ("Pepsi"), Terry Nochese, Peter Crist and Sookdeo

Udairam, a/k/a Richie Udairam.  The defendants moved for summary judgment.  On October 24,

2005, the Court referred the summary judgment motion to Magistrate Judge Go for a report and

recommendation ("R&R").  On June 18, 2007, Magistrate Judge Go issued her R&R,

recommending that the case be dismissed in its entirety.  On July 3, 2007, counsel for plaintiff

filed objections to the R&R, relying on their previously submitted briefs with respect to counts

one through seven, and arguing, with  respect to counts eight through eleven, primarily, that

defendants' non-discriminatory reason for terminating plaintiff, job abandonment, "smacks of

pretext" and that the question of whether plaintiff's termination was discriminatory should be put

to a jury because there are disputed questions of material fact regarding the reason for the

1

termination. (Pl.'s Objs. at 5.)[1] Defendants responded to plaintiff's objections mainly by

arguing that he simply rehashed arguments already made in the parties' briefs. (Def. Opp. to

Pl.'s Objs. at 1-7.) Additionally, as to the last four counts, the defendants argue that plaintiff

failed to demonstrate that the legitimate reasons for his firing were pretextual. (Id. at 7-10.)

With respect to counts one through seven, upon a review of the record, the Court finds

that Magistrate Judge Go properly disposed of these claims. In counts eight through eleven of

the complaint, Constance alleges that he was unlawfully retaliated against for filing an EEOC

complaint. As Magistrate Go noted, courts apply the McDonnell Douglas burden-shifting

analysis when evaluating retaliation claims. Kessler v. Westchester County Dep't of Soc. Servs.,

461 F.3d 199, 205-06 (2d Cir. 2006) (retaliation under Title VII); Slattery v. Swiss Reinsurance

Am. Corp., 248 F.3d 87, 94-95 (2d Cir. 2001) (retaliation under the ADA). Magistrate Judge Go

concluded that Constance showed a prima facie case of retaliation. (R&R at 71.) She found that

Pepsi articulated a legitimate, non-discriminatory reason for terminating Constance – job

abandonment. (R&R at 44.) Finally, Magistate Judge Go found that Constance was unable to

show that the legitimate, non-discriminatory reason for terminating Constance was pretextual.

(R&R at 76.)

Specifically, it is undisputed that Constance failed to show up for his job as directed by

Nochese on February 24, 2003, March 17, 2003, and March 24, 2003. (R&R at 45.) Constance

argues in his objections that because his doctor, Dr. Mehta, put him on total disability in January

---

[1] Plaintiff also mentions other actions taken by defendants which he alleges were
retaliatory, such as sending an investigator to his house. The Court does not find that these,
alone or together, evidence retaliation, and considers here only his objection that his termination
was retaliatory.

of 2003, defendants' letters to plaintiff instructing him to return to work or be fired for job abandonment were pretextual. (Objs. at 8.) However, Constance ignores the fact that Nochese only directed plaintiff to return to work in her letter dated February 20, 2003 after receiving a note from Dr. Mehta dated February 3, 2003 saying that plaintiff was only partially disabled. (Ex. 6[2], Ex. 7.) The February 20, 2003 letter properly indicated that defendants would abide by any restrictions placed on Constance. (Ex. 7.) In addition, Dr. Mehta cleared Constance for light work on March 13, 2003 (after deeming him totally disabled for some period of time), and Nochese again instructed him to return to work on March 17, 2003 in a letter dated March 14, 2003. Given this, plaintiff has failed to show that there remains a material question of fact to be resolved at trial regarding the reason for his termination. Having given due consideration to the objections raised by the plaintiff, the Court finds them not to be persuasive and adopts the thorough and well-reasoned recommendation of the Magistrate Judge. The Clerk of the Court is directed to close the case.

        SO ORDERED.

Dated:       Brooklyn, New York
              August 24, 2007

                                  Carol Bagley Amon
                                  United States District Judge

---

[2] Exihibits referenced in this document refer to the exhibits attached to the Affidavit of Terry Nochese.